# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.

STEVEN QUAGLIAROLI,

    Plaintiff,

v.

COMMERCIAL SERVICE COMPANY
OF SOUTH FLORIDA, INC., a Florida
Profit Corporation, and MATTHEW
LACHARITE, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, STEVEN QUAGLIAROLI ("Plaintiff"), by and through his undersigned attorney, and hereby files this Complaint against Defendants, COMMERCIAL SERVICE COMPANY OF SOUTH FLORIDA, INC., a Florida Profit Corporation, and MATTHEW LACHARITE, individually, and as grounds therefore, alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action for damages arising out of Defendants' failure to lawfully pay overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (the "FLSA").

2.  This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331, and has jurisdiction pursuant to 29 U.S.C. § 216(b), as these claims arise out of Defendants' violations of the FLSA, 29 U.S.C. § 207.

3.  Venue is proper as all of the actions or omissions giving rise to these claims occurred in this District, and Defendants are subject to personal jurisdiction in Florida.

## PARTIES

4. At all times material hereto, Defendant, COMMERCIAL SERVICE COMPANY OF SOUTH FLORIDA, INC., a Florida Profit Corporation ("CSC"), was a domestic corporation licensed to conduct, and actively conducting, business in the State of Florida, and maintained its principal place of business at 2388 East Edgewater Drive, Palm Beach Gardens, Florida 33410.

5. At all times material hereto, Defendant, MATTHEW LACHARITE ("LACHARITE"), was the owner and President of CSC, and upon information and belief, was a resident of Palm Beach County, Florida.

6. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, and worked for Defendants at Defendants' principal place of business in Palm Beach Gardens, Palm Beach County, Florida.

7. At all times material hereto, CSC was an enterprise engaged in "interstate commerce" or in the "production of goods for commerce" as defined by the FLSA, and upon information and belief, had an annual gross sales volume exceeding $500,000.00 per year.

8. Plaintiff's job duties were such that he was individually engaged in commerce.

9. Defendants, each of them, failed to pay Plaintiff the lawful, mandatory wages required by the FLSA, and specifically, failed to pay Plaintiff the lawful minimum overtime wages required, in violation of 29 U.S.C. § 207.

## COMMON ALLEGATIONS

10. The Defendants jointly employed Plaintiff, as LACHARITE worked directly or indirectly in the interest of CSC in relation to Plaintiff, exercised control over the nature, structure, and economics of his employment relationship, and was responsible for paying wages to Plaintiff and for classifying him as "exempt" or "non-exempt" under the FLSA.

11. Defendants employed Plaintiff from on or about August 15, 2017, through on or about August 20, 2018, as a "sales and warehouse manager."

12. Despite being labeled as a "manager," Plaintiff was a "non-exempt" employee under the FLSA.  Plaintiff did not manage anyone or anything during his employment, and rarely even saw the only other employee at Defendants' location while he worked there.  He was paid on an hourly basis, and his job duties included stocking inventory and taking sales orders by telephone.  Plaintiff had no ability to exercise independent judgment with respect to significant matters, nor any ability to hire, fire, or make such recommendations.

13. Plaintiff regularly worked over forty (40) hours per work week, including "off the clock" work.

14. Defendants failed to pay Plaintiff the lawful, mandatory minimum overtime rate of one and one-half (1 ½) times his regular hourly rate for the hours that he worked in excess of forty (40) hours per work week, and instead, either paid him his regular hourly rate, i.e., "straight time," or failed to pay him at all for those hours.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA (29 U.S.C. § 207)
## (ALL DEFENDANTS)

15. Plaintiff restates and alleges Paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiff was a covered, non-exempt employee under the FLSA, and thus, was entitled to overtime compensation of at least one and one-half (1 ½) times his regular hourly rate for all hours worked over forty (40) hours in a work week.

17. Plaintiff regularly worked over forty (40) hours per work week while employed by Defendants without being properly-compensated for his overtime hours, and is aware of hours for which he was not properly-compensated.

18. As Defendants acted as Plaintiff's "joint employers," each Defendant is liable for the failures to pay Plaintiff his lawful overtime compensation, pursuant to the FLSA.

19. Defendants failed to compensate Plaintiff at a minimum overtime rate of one and one-half (1 ½) times his regular hourly rate for all hours worked over forty (40) hours per work week, in direct violation of the FLSA, specifically, 29 U.S.C. § 207.

20. Defendants' failures to properly compensate Plaintiff for his overtime hours were the result of intentional and/or willful misconduct, such that Plaintiff is entitled to recover his unpaid overtime wages for the entirety of his employment, as well as liquidated damages.

21. As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic damages.

22. As a direct and proximate result of Defendants' actions, Plaintiff has been forced to obtain counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter, and as such, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to the FLSA, specifically, 29 U.S.C. § 216.

23. As a direct and proximate result of Defendants' actions, Plaintiff is entitled to unpaid overtime wages, liquidated damages, attorney's fees and costs, as well as other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor, and against Defendants, for his actual and compensatory damages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216, and for any other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff further demands a trial by jury on all issues so triable.

DATED this 25th day of June, 2019.

        Respectfully Submitted,

        SCOTT WAGNER & ASSOCIATES, P.A.
        250 S. Central Blvd.
        Suite 104-A
        Jupiter, FL 33458
        Telephone:  (561) 653-0008
        Facsimile:  (561) 653-0020

        *s/ James C. Solomon*
        James C. Solomon, Esq.
        Florida Bar No.:  114132
        E-Mail:  jcsolomon@scottwagnerlaw.com
        mail@scottwagnerlaw.com
        Alt. Address:  101 Northpoint Pkwy
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com
        *Attorney for Plaintiff*